LUIS ALBERTO NUNEZ,

                              Petitioner,

-vs-

JEFFREY SEARLS, *Assistant Office-in-Charge, Buffalo Federal Detention Facility*,

                              Respondent.[1]

DECISION AND ORDER

18-CV-6463 CJS

## APPEARANCES

For Petitioner:

Luis Alberto Nunez
A037641556
BUFFALO FEDERAL DETENTION FACILITY
4250 Federal Drive
Batavia, NY 14020
PRO SE

For Respondent:

Daniel Barrie Moar, Esq.
Amy Okereke, Esq.
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
(716) 843-5833

## INTRODUCTION

**Siragusa, J.** Petitioner seeks a writ of habeas corpus. He contends that he should be released from custody pending his removal to the Dominican Republic. Respondent contends that his custody is lawful pursuant to 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001) because Petitioner is only being held in the United States during the pendency of his appeal to the U.S. Court of Appeals for the Second Circuit of the decision by the Board of

---

[1] Respondent's counsel correctly points out that although Petitioner named several defendants, the only one with direct control over him is Jeffrey Searls. The Clerk is directed to amend the caption of this case. The remaining named respondents are dismissed.

Immigration Appeals decision to remove him. For the reason stated below, the application is denied.

BACKGROUND

Petitioner is a native and citizen of the Dominican Republic, admitted to the United States in November 1982 as a lawful permanent resident. Since his entry, Petitioner acquired a conviction for Assault in the Second Degree in May 1991 in violation of New York State Penal Law § 120.05(1). He was sentenced to a term of imprisonment of from one to three years. In May 2011, Petitioner acquired another conviction, this time for Assault in the First Degree in violation of New York State Penal Law § 120.10(1) and was sentenced to imprisonment for twenty years. Also, in May 2011, Petitioner was convicted of Criminal Possession of a Weapon in the Third Degree in violation of New York State Penal Law § 265.02(1) and sentenced to imprisonment for a term of three and a half to seven years, to be served concurrently with his twenty-year sentence. Kelley Decl. ¶¶ 5–7, Sept. 11, 2018, ECF No. 8-1.

On April 11, 2016, Petitioner was charged with being subject to removal from the United States as a nonimmigrant convicted of an aggravated felony, a crime of violence , and for having been convicted of a crime of moral turpitude not arising out of a single scheme of criminal conduct, all pursuant to the Immigration and Nationality Act of 1965, as amended ("INA"), sections 237(a)(2)(A)(iii), 101(a)(43)(F), and 237(a)(2)(A)(ii), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), 8 U.S.C. § 1101(a)(43)(F), and 8 U.S.C. § 1227(a)(2)(A)(ii), respectively. *Id*. ¶ 9. An Immigration Judge ordered Petitioner removed from the United States to the Dominican Republic on January 26, 2017, and Petitioner appealed to the Board of Immigration Appeals ("BIA"). On May 22, 2017, the BIA dismissed his appeal. On June 2, 2017, Petitioner filed an appeal of the BIA's dismissal to the United States Court of Appeals

for the Second Circuit. *Nunez v. Sessions*, No. 17-1768 (2d Cir. Jun. 2, 2017). The Second Circuit currently has the case before it and, according to the latest entry in its docket sheet, accepted Petitioner's brief on June 4, 2019.

## DISCUSSION

Petitioner's continued detention is now pursuant to 8 U.S.C. § 1231(a)(6), which provides:

> An alien ordered removed who is inadmissible under section 212 [8 USCS § 1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USCS § 1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). In August 2017 the Department of Homeland Security ("DHS") reviewed Petitioner's continued detention and found that it was warranted because "he would pose a threat to the safety of the community and a flight risk if he were to be released from custody." Kelley Decl. ¶ 15. Additional reviews by DHS took place in November 2017, December 2017, February and May 2018. *Id*. ¶¶ 16–18. Respondent represents that no institutional barrier exists to preclude Petitioner's removal to the Dominican Republic. *Id*. ¶ 20.

DHS entered into an informal agreement with the Second Circuit Court of Appeals that it would not remove aliens who had appeals pending in that court. *See In re Matter of Immigration Petitions for Review Pending in the United States Court of Appeals for the Second Circuit*, No. 12-4096 (2d Cir. Oct. 16, 2012). In that decision, the Court of Appeals wrote: "While a petition is pending in this Court, the Government's forbearance policy has assured that removal will not occur." *Id*. slip opn. at 8.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court cited to a portion of the statute under which Petitioner is being held, writing that "[a]fter entry of a final removal order and during the 90-day removal period, .... aliens must be held in custody." *Zadvydas*, 533 U.S.

at 683 (quoting 8 U.S.C. § 1231(a)(2)). After the 90-day removal period has passed, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." *Id*. (quoting 8 U.S.C. § 1231(a)(6). Further, *Zadvydas* set a six-month period during which it stated that holding an alien in custody would be presumed to be reasonable.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 533 U.S. at 701.

In his reply filed October 4, 2018, ECF NO. 10, Petitioner argued that because of the then-pending review by the Second Circuit "he is indeed subject to the 'forbearance policy,' but that he is not subject to mandatory detention as the DHS commonly asserts here, and this detention is unlawful under 8 U.S.C. § 1226(c)…." *Id*. 2. He asks the Court to order a bond hearing "at which the Government, through a preponderance of evidence, must prove Petitioner's danger to society…or in the alternate, order a release of Petitioner." *Id*. 3.

INA section 226 applies to an alien who is undergoing removal proceedings. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). After a final order of removal, which is applicable here, INA section 241 applies. The pertinent portion of that statute provides as follows:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(2). One of the provisions under which Petitioner has been ordered removed is § 1227(a)(2). Thus, INA section 241 does not authorize Petitioner's release while he awaits removal to the Dominican Republic.

Next, the Court must ascertain whether his removal to the Dominican Republic would not occur in the foreseeable future. Petitioner's brief is filed, and per the Second Circuit's Order of May 31, 2019, the respondent's brief is due by August 14. Further, that Order states: "If the brief is not filed by that date, the appeal will proceed to a merits panel for determination forthwith, and Respondent will be required to file a motion for permission to file a brief and appear at oral argument." Order Doc. # 88, *Nunez v. Barr*, No. 17-1768 (2d Cir. May 31. 2019). Thus, it appears to the Court that Petitioner's case will be heard soon, and he will be eligible for either release, or removal, by September. Accordingly, the Court finds that it is not necessary currently to order a bail hearing, or order Petitioner's release.

## CONCLUSION

Therefore, it is hereby

ORDERED, that the Clerk amend the caption of this case to comport with the caption used in this Decision and Order; the remaining parties are dismissed from the case; and it is further

ORDERED, that Petitioner's application for a writ of habeas corpus is denied; and it is further

ORDERED, that a certificate of appealability is denied pursuant to 28 U.S.C. § 2253.

IT IS SO ORDERED.

DATE:  June 19, 2019
      Rochester, New York                /s/ Charles J. Siragusa
                                                 CHARLES J. SIRAGUSA
                                                 United States District Judge